IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| PERMALEE, LLC,<br><br>                **Plaintiff,**<br><br>    v.<br><br>FOREVER FENCE MANUFACTURING LLC, FRANK QUIGLEY, and LORI QUIGLEY<br><br>                **Defendants.** | CASE NO. 1:25-CV-467 |

## COMPLAINT

Plaintiff PERMALEE, LLC ("Permalee"), by and through its undersigned counsel, upon knowledge as to itself and upon information and belief as to other matters, hereby sues Defendants FOREVER FENCE MANUFACTURING LLC ("Forever Fence"), FRANK QUIGLEY, individually ("Frank Quigley"), and LORI QUIGLEY, individually ("Lori Quigley") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract under Alabama law.

2. This action arises from Defendants' material breaches of a Franchise Agreement dated September 26, 2023 (the "Franchise Agreement"), and related agreements.

3. Plaintiff is the franchisor of the Permalee Production Plant franchise system.

1

4. Defendant Forever Fence entered into the Franchise Agreement with Permalee and agreed to establish and operate a Permalee Production Plant concrete fencing manufacturing and installation facility.

5. Defendant Forever Fence has systematically breached the Franchise Agreement by failing to pay required franchise fees, failing to provide mandated financial and operational information, and failing to disclose product usage and revenue-generating activities conducted for the benefit of Forever Fence Manufacturing LLC without proper authorization or disclosure to Permalee.

6. This breach has caused substantial damages to Permalee, including loss of royalty payments, equipment rental fees, and other contractually obligated payments. Additionally, Defendants' unauthorized use of Permalee's proprietary information and trade secrets has generated substantial undisclosed revenues to which Permalee is entitled.

## PARTIES

7. Permalee, LLC is an Alabama limited liability company formed on March 22, 2023.

8. Permalee is the franchisor of the Permalee Production Plant franchise system, which offers high-quality, durable concrete fencing manufacturing and installation franchises.

9. Permalee is headquartered at 858 Brundidge St., Clio, Alabama 36017

10. Permalee began offering franchises in March 2023.

11. The Permalee system is based on the proprietary concrete production and installation methods, trade secrets, and business systems developed by Justin Dyess

through his operation of Dyess Concrete Fencing, the flagship location for the Permalee franchise system.

12. Forever Fence Manufacturing LLC ("Forever Fence") is a Tennessee limited liability company that entered into a Franchise Agreement with Permalee on or about September 26, 2023.

13. Forever Fence's address is 9104 Iron City Rd, Iron City, TN 38463.

14. Forever Fence operates as a franchisee of Permalee and is obligated to operate a Permalee Production Plant concrete fencing manufacturing and installation facility.

15. Forever Fence is jointly and severally liable for all breaches of the Franchise Agreement alleged herein.

16. Frank Quigley is an individual who resides in Tennessee at 3355 Chisholm Road, Iron City, TN, 38463, and member/owner of Forever Fence Manufacturing LLC.

17. Frank Quigley executed a Personal Guarantee agreement (Exhibit D to the Franchise Disclosure Document) dated on or about September 26, 2023, guaranteeing all obligations of Forever Fence under the Franchise Agreement.

18. By virtue of such Personal Guarantee, Frank Quigley is personally liable for all monetary and non-monetary obligations of Forever Fence under the Franchise Agreement.

19. Lori Quigley is an individual who resides in Tennessee at 3355 Chisholm Road, Iron City, TN, 38463,and member/owner of Forever Fence Manufacturing LLC.

20. Lori Quigley executed a Personal Guarantee agreement (Exhibit D to the Franchise Disclosure Document) dated on or about September 26, 2023, guaranteeing all obligations of Forever Fence under the Franchise Agreement.

21. By virtue of such Personal Guarantee, Lori Quigley is personally liable for all monetary and non-monetary obligations of Forever Fence under the Franchise Agreement.

## JURISDICTION AND VENUE AND GOVERNING LAW

22. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff is Permalee, LLC, an Alabama limited liability company with its principal place of business at 858 Brundidge St., Clio, Alabama 36017. Defendants are citizens of Tennessee, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, complete diversity of citizenship exists between the parties.

23. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of Alabama because the Franchise Agreement contains a forum selection clause designating Alabama courts as the proper forum for dispute resolution.

24. The Franchise Agreement is governed by Alabama law pursuant to Article 19.7 thereof, which provides that "This Agreement shall be governed by, and construed in accordance with, the laws of the State of Alabama, without regard to its conflict of law provisions." Accordingly, Alabama law governs the parties' rights and obligations in this action.

## FACTS

### Formation of the Franchise Relationship

4

25. On or about September 1, 2023, Permalee issued a Franchise Disclosure Document ("FDD") to Forever Fence and its principals in compliance with the Federal Trade Commission's Franchise Rule, 16 C.F.R. Part 436, and applicable state franchise laws.

26. The FDD disclosed to Forever Fence all material terms and conditions of the franchise relationship, including the Franchise Agreement, franchise fees, royalty obligations, equipment rental fees, reporting and disclosure requirements, and the Personal Guarantee required of all owners.

27. On or about September 26, 2023, more than fourteen (14) calendar days after receiving the FDD, Forever Fence, acting through its authorized representatives, executed the Franchise Agreement with Permalee.

28. On or about the same date, Frank Quigley and Lori Quigley, individually, each executed a Personal Guarantee agreement (Exhibit D to the FDD), whereby they personally guaranteed all obligations of Forever Fence under the Franchise Agreement, agreeing to be "personally bound by every contractual provision, whether containing monetary or non-monetary obligations."

29. The Franchise Agreement is fully incorporated by reference into this Complaint, along with all exhibits, including but not limited to:

   a. Exhibit A: The Franchise Agreement itself

   b. Exhibit B: Franchise Questionnaire

   c. Exhibit C: Territory (designating Forever Fence's exclusive territory)

   d. Exhibit D: Personal Guarantees executed by Frank Quigley and Lori Quigley

  e. Exhibit E: Operations Manual Table of Contents

  f. Exhibit G: Management Nondisclosure and Confidentiality Agreement

  g. Exhibit H: Franchisee Non-Solicitation and Non-Compete Agreement

  h. Exhibit K: Electronic Transfer of Funds Authorization

30. The Franchise Agreement represents a valid, binding, enforceable contract between Permalee and Forever Fence, with Frank Quigley and Lori Quigley personally liable for all obligations thereunder by virtue of their execution of the Personal Guarantee.

31. Permalee has performed, or stands ready and willing to perform, all of its material obligations under the Franchise Agreement

### Terms of the Franchise Agreement

32. The Franchise Agreement requires Forever Fence to pay a continuing royalty of ten percent (10%) of Gross Revenues related to manufacturing, as defined in the FDD, due monthly by the 5th of each month via ACH transfer to Permalee.

33. The Franchise Agreement requires Forever Fence to pay an installation royalty of $1.00 per linear foot of 3-rail fence installed, and $1.20 per linear foot of 4-rail fence installed, due monthly by the 5th of each month.

34. The Franchise Agreement requires Forever Fence to pay an equipment rental fee of $8,000 per month (base), plus any additional fees for expanded production capacity, due monthly.

35. The Franchise Agreement requires Forever Fence to pay a marketing contribution to be determined by Permalee and the Marketing Program cooperative, up to 1.5% of Gross Revenues, due as determined by the cooperative.

36. The Franchise Agreement requires Forever Fence to pay local advertising expenses suggested at 1% of Gross Revenues, paid to local advertising suppliers as incurred.

37. All royalty and fee payments are due on or before the 5th day of each month via ACH transfer. Forever Fence is required to execute an Electronic Transfer of Funds Authorization (Exhibit K) to facilitate these payments.

38. The Franchise Agreement further provides for a late fee of $100 per late payment, due upon demand if Forever Fence fails to pay royalty fees, marketing fees, or any other required payment when due.

39. The Franchise Agreement further provides for collection costs of an amount incurred by Permalee to collect unpaid royalties, marketing fees, or other amounts due, including actual attorneys' fees, deposition costs, expert witness fees, investigation costs, accounting fees, filing fees, and travel expenses, due upon demand.

40. The Franchise Agreement further provides for interest charges of the lesser of 18% per annum or the maximum legal rate allowable in the jurisdiction where Forever Fence's Facility is located, applied to all past-due payments, due upon demand.

41. The Franchise Agreement further provides for audit fees of an amount incurred by Permalee to audit Forever Fence's Facility, including accounting costs, travel, and lodging expenses, payable within 10 days of receipt of invoice, but only if Permalee's audit reveals that Forever Fence understated Gross Revenues by more than 1/2% or $1,000 in any 12-month period.

42. The Franchise Agreement further provides for attorneys' fees and enforcement costs of reasonable attorneys' fees and costs incurred in obtaining injunctive

or legal relief for enforcement of any provision of the Franchise Agreement or for costs incurred in arbitration proceedings, payable as incurred.

43. The Franchise Agreement further provides for liquidated damages of $100 to $5,000 for non-conformity with system standards, payable upon demand.

44. Article 10 of the Franchise Agreement establishes extensive reporting and information disclosure obligations including providing Permalee a profit and loss ("P&L") statement each month, due on the first day of the following month for which the statement applies.

45. Article 10 of the Franchise Agreement establishes extensive reporting and information disclosure obligations including providing Permalee yearly tax returns for the Facility by February 15th of the following year.

46. Article 10 of the Franchise Agreement establishes extensive reporting and information disclosure obligations including providing Permalee with continuous, ongoing, real-time remote access to Forever Fence's QuickBooks accounting application.

47. Article 10 of the Franchise Agreement establishes extensive reporting and information disclosure obligations including providing Permalee with continuous, ongoing, real-time access to Forever Fence's POS System and all data associated therewith

48. Article 10 of the Franchise Agreement establishes extensive reporting and information disclosure obligations including maintaining accurate financial records and documentation of all manufacturing and installation activities.

49. Article 10 of the Franchise Agreement establishes extensive reporting and information disclosure obligations including reporting all sales, revenues, and product usage to Permalee.

50. Article 10 of the Franchise Agreement establishes extensive reporting and information disclosure obligations including responding promptly to Permalee's reasonable requests for financial information and operational data.

51. Article 10 of the Franchise Agreement establishes extensive reporting and information disclosure obligations including granting Permalee the right to conduct audits of the Facility and Forever Fence's financial records.

52. These reporting and disclosure obligations are material to the Franchise Agreement.

53. All product useage and manufacturing activities are required to be conducted and reported to Permalee. Any revenue generating activities involving Permalee's Products must be accounted for, reported, and subject to royalty payment.

## COUNT I
**Breach of Contract**

54. Plaintiff realleges and incorporates each allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

55. The Franchise Agreement constitutes a valid, binding, and enforceable contract between Permalee and Forever Fence, with Frank Quigley and Lori Quigley personally liable for all obligations by virtue of the Personal Guarantees.

56. All conditions precedent to Permalee's performance have been satisfied or waived. Permalee has fully performed or tendered all material obligations owed to Forever Fence under the Franchise Agreement.

57. Permalee has performed its obligations under the Franchise Agreement

58. Despite these performances by Permalee, Forever Fence has materially breached the Franchise Agreement by failing to pay the required franchise fees.

59. Specifically, Forever Fence has failed to pay the Continuing Royalty of 10% of Gross Revenues related to manufacturing that is due monthly by the 5th of each month.

60. Forever Fence has failed to pay Installation Royalties at the rate of $1.00 per linear foot of 3-rail fence and $1.20 per linear foot of 4-rail fence installed.

61. Forever Fence has failed to pay the monthly Equipment Rental Fee of $8,000 (or adjusted amount if additional capacity equipment is rented) that is due monthly.

62. Forever Fence has failed to make required payments by the 5th of each month via ACH transfer as contractually required.

63. The total amount of payments Forever Fence has failed to pay exceeds $75,000.

64. The failure to pay their required fees constitutes a material breach of the Franchise Agreement.

65. Forever Fence's breaches are not minor or technical. The unpaid amounts represent substantial sums that were specifically agreed to by Forever Fence and required by the contract terms.

66. Despite efforts by Permalee to collect the unpaid amounts, Forever Fence has refused to pay or has failed and refused to make full payment of the outstanding obligations.

67. As a direct and proximate result of Forever Fence's material breach of the Franchise Agreement, Permalee has suffered the damages of at least the amount of unpaid fees by Forever Fence.

## COUNT II
### Personal Guarantee Liability

68. Frank Quigley and Lori Quigley each executed a Personal Guarantee agreement (Exhibit D to the Franchise Disclosure Document) that provides:

"Each of the undersigned hereby agrees, in consideration of benefits received and to be received by each of them, jointly and severally, and for themselves, their heirs, legal representatives, and assigns that they, and each of them, shall be firmly bound by all of the terms, provisions and conditions of the foregoing Permalee, LLC Franchise Agreement, and any other agreements between Franchisee and Permalee, LLC and/or its affiliates, that they and each of them, do hereby unconditionally guarantee the full and timely performance by the Franchisee of each and every obligation of the Franchisee under the aforesaid Franchise Agreement or other agreements, including, without limitation, any indebtedness arising under or by virtue of the aforesaid Franchise Agreement."

69. The Personal Guarantees further provide that the guarantors "will be bound by the in-term and post-term covenants of the aforesaid Franchise Agreements" and waived "notice of demand for payment and performance by Franchisee."

70. By virtue of the Personal Guarantees, Frank Quigley and Lori Quigley are individually and jointly liable for all obligations of Forever Fence under the Franchise Agreement, including all unpaid royalty fees, installation royalties, equipment rental fees, and all accrued late fees and interest charges.

71. Frank Quigley and Lori Quigley cannot escape personal liability by claiming that Forever Fence is the obligated party. The Personal Guarantee makes them

personal obligors, not merely guarantors with secondary liability. The guarantees are unconditional.

72. As a direct and proximate result of Frank Quigley and Lori Quigley failing to pay for Forever Fence's material breach of the Franchise Agreement, Permalee has suffered the damages of at least the amount of unpaid fees by Forever Fence along with any further damages due Permalee as awarded by the Court.

## COUNT III
**Breach of Contract – Failure to Provide Required Information**

73. Plaintiff realleges and incorporates each allegation contained in the paragraphs above with the same force and effect as if they were fully set forth herein.

74. The Franchise Agreement constitutes a valid, binding contract. Permalee has performed all material obligations. All conditions precedent to Forever Fence's performance have been satisfied.

75. Specifically, Forever Fence is required to rovide Permalee with monthly profit and loss statements due on the first day of the following month; provide Permalee with yearly tax returns for the Facility, due by February 15th of the following year; grant Permalee continuous, real-time remote access to Forever Fence's QuickBooks accounting application; grant Permalee continuous, real-time access to Forever Fence's POS System and all associated data; maintain accurate accounting and operational records; respond to Permalee's requests for financial and operational information; and cooperate with Permalee's audit rights.

76. Despite these clear contractual obligations, Forever Fence has materially breached the Franchise Agreement by failing to provide monthly P&L statements.

77. Forever Fence has materially breached the Franchise Agreement by failing to provide yearly tax returns for the Facility as required by February 15th following the applicable year.

78. Forever Fence has failed or refused to grant Permalee continuous, real-time remote access to Forever Fence's QuickBooks accounting application.

79. When Permalee has requested specific financial or operational information, Forever Fence has refused to respond and provide complete, accurate information

80. The failures to provide this information is a material breach of the Franchise Agreement.

81. As a direct and proximate result of Forever Fence's failure to provide required information, Permalee has suffered damages because it cannot determine the full amount of monies owed to it by Forever Fence.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant, including the following:

a. A judgment declaring that Defendant Forever Fence has breached its Franchise Agreement and owes damages in the amount to be determined after a full a complete audit of the books of Forever Fence.

b. An order requiring a complete accounting and audit of Forever Fence's books to determine its obligations under the Franchise Agreement

c. An order awarding Plaintiff all of the costs and expenses incurred in this action;

d.  An order awarding Plaintiff its reasonable attorney's fees under any federal and/or state law to which it is entitled to compensation for reasonable attorney's fees, as well as under the terms of the Franchise Agreement.

e.  Enter such other further relief to which Plaintiff may be entitled as a matter of law or equity or which the Court determines to be just and proper.

Dated:      November 17, 2025

Respectfully submitted,

**ADAMSIP, LLC**

By: /s/Douglas L. Bridges
453 Dauphin Street
Mobile, Alabama 36602
(251) 289-9787
doug@adamsiplaw.com
*Attorney for PermaLee LLC*

14